UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREN S.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C22-5779-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated examining doctor John Haroian's, Ph.D. opinion. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings.

After examining Plaintiff, Dr, Haroian prepared a written Psychological Evaluation in which he diagnosed Plaintiff with "Major Depressive Disorder Recurrent Severe" due to "Anhedonia anergia and amotivation IIAM-D score of 20, severe symptoms." Tr. 523. In the section of the Evaluation entitled "Medical Source Statement," Dr. Haroian opined Plaintiff has a number of non-severe functional work limitations; he also opined Plaintiff has moderate limitations in her ability to: understand, remember and persist in tasks following detailed instructions; perform work with in schedule, maintain regular attendance and be punctual; learn

new tasks; adapt to changes in a routine work setting; communicate in a work setting; maintain appropriate behavior in the work place; complete a normal workday; and set realistic goals and work independently. Tr. 524. Dr. Haroian rated the overall severity of Plaintiff's limitations based upon the combined impacts of all diagnosed mental impairments as "moderate." *Id.* The Medical Source Statement the doctor used defined a "moderate" severity rating as "a significant limitation on the ability to perform the activity." Tr. 523.

The ALJ found Dr. Haroian's opinions were partially persuasive but found Dr. Haroian's "opinion of 'moderate' limitations (on the form, 'moderate' is defined as a significant limitation on the ability to perform the activity) is less persuasive or useful because 'significant' limitation is not precisely defined." Tr. Tr. 24.

Plaintiff contends the ALJ erroneously failed to provide any explanation regarding the supportability and consistency of Dr. Haroian's opinion as required by 20 C.F.R 404.1520c(a) ("new regulations), and instead discounted the opinion for an invalid reason that has the Court has previously rejected, citing *Mendiata c.* Colvin, No. C15-1937-JCC, 2017 WL 942901, at * 6 (W.D. Wash. Mar. 9, 2017). Dkt.11 at 5. In *Mendiata* the ALJ rejected Dr. Widlan's assessment Plaintiff had "moderate" and "marked" limitations on the grounds these terms were "too vague and general to be helpful." *Id.* The District Court reversed finding these terms are commonly used to describe a claimant's limitations in the social security context and that to the extent the ALJ felt the terms were ambiguous, the ALJ had the duty to contact the doctor to clarify rather than reject the opinion outright as vague. *Id.* The Court agrees with the reasoning in *Mendiata* and similarly finds the ALJ erred.

The Commissioner defends the ALJ arguing the ALJ must consider the supportability of each opinion but contends "significant limitation" is undefined, and medical opinions using

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 2

vague or unexplained terms are not useful and thus not persuasive. Dkt. 13 at 2. The argument fails for several reasons. First it simply repeats the ALJ's finding. Second, the argument is inconsistent with *Mendiata* and other decisions which have held the term "moderate" and "significant" are terms commonly used in social security disability cases and the ALJ errs in rejecting the terms as vague. The Commissioner argues *Mendiata* is "irreconcilable" with the new regulations that alter the deference accorded examining doctors such as Dr. Haroian, and which also do away with the requirement the ALJ provide specific or legitimate reasons to discount an opinion. The Commissioner suggests the Court must affirm the decision because it is supported by substantial evidence. Dkt. 13 at 3.

The Court rejects these arguments. The new regulations do not overturn decisions holding the ALJ errs in rejecting "significant limitations" as vague. This is the error the ALJ committed. Further the *Mendiata* decision has nothing to do with what deference the ALJ was required to accord medical sources before the new regulations. The Commissioner defends the ALJ by relying upon the new regulations, but the ALJ rejected Dr. Haroian's opinion <u>without</u> showing the ALJ fulfilled the supportability and consistency findings which are required by the new regulations.

The Commissioner also attempts to side-step the new regulation's requirements by suggesting the Court should affirm because the ALJ's finding is supported by substantial evidence. That the ALJ's finding must be supported by substantial evidence goes without saying. But the new regulations do not state the ALJ may give no reason to reject a medical opinion. Rather the new regulations require the ALJ to articulate how a medical opinion was considered, specifically explaining the persuasiveness of the opinion based upon supportability and consistency. The Court thus declines to side-step the requirements imposed upon the ALJ by the

new regulations and finds the ALJ erred by failing to provide an adequate explanation as required by the new regulations.

Third, the Commissioner suggests the ALJ rejected Dr. Haroian's opinion as inconsistent with or contradicted by the opinions of other doctors contending "the ALJ was more persuaded by the prior administrative medical findings from Jon Anderson, Ph.D. and Renee Eisenhauer, Ph.D." Dkt. 13 at 3-4. The ALJ made no such finding and as the Court reviews the findings the ALJ made, the Court rejects the Commissioner's post hoc argument.

And lastly Dr. Haroian opined Plaintiff has "moderate," i.e., "significant limitations in her ability to perform work activity. To the extent the ALJ felt "significant limitation" is not precisely defined, and thus ambiguous, the ALJ was required to develop the record, and not simply reject the opinion. *See Mcleod v. Astrue*, 640 F.2d 881, 885 (9th Cir. 2011) citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Haroian's opinions, develop the record and redetermine residual functional capacity as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 5th day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge